1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| TRUMP RUFFIN COMMERCIAL, LLC, and TRUMP RUFFIN TOWER I LLC,<br><br>               Plaintiffs,<br><br>    vs.<br><br>LOCAL JOINT EXECUTIVE BOARD LAS VEGAS, CULINARY WORKERS UNION LOCAL 226, and BARTENDERS UNION LOCAL 165,<br><br>              Defendants. | Case No.: 2:15-cv-01984-GMN-GWF<br><br>**ORDER** |

13

14

15

16

17

18

      Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendants Local Joint Executive board of Las Vegas, Culinary Workers Union Local 226, and Bartenders Union Local 165 (collectively "Defendants").  Plaintiffs Trump Ruffin Commercial LLC and Trump Ruffin Tower I LLC (collectively "Plaintiffs") filed a Response (ECF No. 17), and Defendants filed a Reply (ECF No. 18).  For the reasons discussed below, Defendants' Motion to Dismiss is granted.

19

## I.     BACKGROUND

20

21

22

23

24

      Plaintiffs are two corporations that own and operate Trump Hotel Las Vegas located at 2000 Fashion Show Drive, Las Vegas, NV 89109. (Compl. ¶¶ 4–5, ECF No. 1).  Donald J. Trump ("Trump") is one of the developers and owners of Trump Hotel Las Vegas. (*Id*. ¶ 8). Defendants are labor unions attempting to unionize Trump Hotel Las Vegas employees. (Mot. to Dismiss 2:25, ECF No. 15-1).

25

On October 8, 2015, Trump gave a speech related to his candidacy for the Republican nominee for President of the United States. (Compl. ¶ 11).  Because Trump Hotel Las Vegas does not have a large enough space to host the event, Trump's speech took place at the Treasure Island Hotel. (*Id.* ¶¶ 15–17).  Plaintiffs' allege that "[i]n an attempt to damage the reputation of Trump Hotel Las Vegas, Defendants published and circulated a flyer ("Flyer") which falsely states that Mr. Trump stayed at the Treasure Island Hotel on October 8, 2015, and **not** Trump Hotel Las Vegas." (*Id.* ¶ 13).

The Flyer contains a photograph of people carrying picket signs with the words "No Contract No Peace" and a banner reading "MAKE AMERICA GREAT AGAIN! MR. TRUMP, START HERE" above Defendants' names and logos. (Ex. A to Compl., ECF No. 1-1).  Below the photograph, the Flyer states:

> Donald Trump is in Las Vegas this evening.  Even though he owns a hotel here, he is staying at the Treasure Island Hotel & Casino (TI).  Workers at the TI are members of the Culinary Union.  They make an average of $3.33 more per hour than Trump workers, have affordable health insurance, and a secure retirement.  Meanwhile, Donald Trump has refused to agree to a fair process for workers at his hotel to form a union.  If Trump chooses to stay in a union hotel, why can't Trump Hotel workers choose to form a union?

(*Id.*).  The Flyer also encourages its readers to "[t]alk to your committee leaders about your right to participate in Union activities[.]" (*Id.*).

Based on the statements in the Flyer, Plaintiffs allege two causes of action against Defendants: (1) false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and (2) deceptive trade practice in violation of Nevada Deceptive Trade Practices, N.R.S. §§ 598.0903–598.990. (Compl. ¶¶ 20–32).  In the instant Motion, Defendants request that the Court dismiss both claims, or, in the alternative, decline to exercise supplemental jurisdiction over the state law claim. (Mot. to Dismiss 2:1–13).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  In addition, "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990) (citations omitted).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the Complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires" and when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed.R.Civ.P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be

cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

### A.   Lanham Act Violation

The purpose of the Lanham Act is to protect persons engaged in commerce against unfair competition. *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2234 (2014). Section 43(a)(1)(B) of the Lanham Act imposes civil liability on "any person who . . . uses in commerce any . . . false or misleading description of fact . . . which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). A prima facie case of false advertising under the Lanham Act requires a showing that:

> (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1052 (9th Cir. 2008).

Turning to the first element, "[t]o demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Plaintiffs allege that the Flyer falsely states "Mr. Trump stayed at the Treasure Island Hotel on October 8, 2015, and not Trump Hotel Las Vegas." (Compl. ¶¶ 13–14). Further, Plaintiff alleges that this false statement "conveys false and deceptively misleading information about Trump Hotel Las Vegas and the quality of the services it provides." (*Id.* ¶ 16). Taking the Complaint's material allegations as true, Plaintiffs' Complaint adequately alleges that the

Flyer's statement regarding where Trump stayed constitutes a false statement of fact concerning the Trump Hotel Las Vegas owned and operated by the Plaintiffs. *See William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 257–58 (9th Cir. 1995) (noting that the Lanham Act's false advertising prong "embraces innuendo, indirect intimations, and ambiguous suggestions evidenced by the consuming public's misapprehension of the hard facts underlying an advertisement").

Next, in regard to the second element, the Ninth Circuit has adopted the following explanation of "commercial advertisement or promotion":

> In order for representations to constitute "commercial advertising or promotion" under Section 43(a)(1)(B), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 732 (9th Cir. 1999). Speech which contains advertisements, refers to a specific product, or which is distributed with an economic motivation evidences its commercial nature. *See Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983). Although the boundary between "commercial" and "non-commercial" speech has not been clearly delineated, "'the core notion of commercial speech' is that it 'does no more than propose a commercial transaction.'" *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001) (quoting *Bolger*, 463 U.S. at 66).

Here, Plaintiffs fail to state a claim under the Lanham Act because the alleged statements do not constitute commercial speech. The Complaint merely alleges that Defendants' statements were "designed to call attention to the [labor] dispute" and "intended to, and would have the tendency to cause, harm to the reputation of Trump Hotel Las Vegas." (Compl. ¶¶ 12, 16). These allegations do not suggest that Defendants' statements were

advertisements for a product or service, nor that they proposed commercial transactions or were motivated by Defendants' commercial interests. *See Coastal*, 173 F.3d at 732.  Further, while Defendants' alleged statements criticize Plaintiffs' labor policies, "[n]egative commentary . . . does more than propose a commercial transaction and is, therefore, non-commercial." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1017 (9th Cir. 2004).

   The Court therefore finds that Plaintiffs' Complaint fails to allege that Defendants' Flyer constitutes commercial speech for purposes of § 43(a)(1)(B) of the Lanham Act.  Because amendment is not necessarily futile, Plaintiffs' Lanham Act false advertising claim is dismissed without prejudice.

## B.   State Claim and Supplemental Jurisdiction

   Plaintiffs' remaining claim arises under state law.  Pursuant to 28 U.S.C. § 1367, federal district courts have supplemental jurisdiction over civil claims that are so related to a case's original jurisdiction claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).  However, a court may decline to exercise supplemental jurisdiction over claims arising under state law if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  A court's decision to decline jurisdiction is discretionary, but is usually informed by considerations of "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  The Supreme Court has recognized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

   Because Plaintiffs' single federal claim for false advertising under § 43(a) of the Lanham Act is dismissed, the Court finds that the considerations of economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiffs' remaining state law claim.  Therefore, Plaintiffs' state law claim is dismissed without prejudice.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**.  Plaintiffs' false advertising claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Plaintiffs' state law claim under Nevada Deceptive Trade Practices Act, N.R.S. §§ 598.0903–598.990 are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have twenty-one days from the date of this Order to file an amended complaint.  Failure to file an amended complaint by this date shall result in the dismissal of Plaintiffs' claims with prejudice.

**DATED** this __8__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge